SEYFARTH SHAW LLP
Elisabeth Watson (SBN 184332)
ewatson@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

SEYFARTH SHAW LLP
Jennifer Gentin (SBN 146888)
jgentin@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HAMILTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HERTZ LOCAL EDITION CORP, a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. ___1:24-at-641___<br><br>[Kern County Superior Court Case No. BCV-24-101834]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed:     June 3, 2024<br>Complaint Served:   July 17, 2024<br>Trial Date:             None Set |

NOTICE OF REMOVAL

312550630v.2

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

Please take notice that Defendant HERTZ LOCAL EDITION CORP. ("Hertz" or "Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Kern, to the United States District Court for the Eastern District of California. Defendant states that removal is proper for the following reasons:

**I.      BACKGROUND**

1.      On June 3, 2024, Plaintiff Brian Hamilton ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Kern, entitled, *Brian Hamilton  v. Hertz Local Edition Corp., et al.*, designated as Case No. BCV-24-101834. In the Complaint, Plaintiff alleges twelve (12) causes of action: (1) discrimination based on disability in violation of the Fair Employment and Housing Act (FEHA); (2) failure to engage in good faith in the interactive process in violation of FEHA; (3) failure to accommodate a disability in violation of FEHA;  (4) retaliation in violation of FEHA;  (5) failure to take all reasonable steps to prevent discrimination and retaliation; (6) violation of the California Family Rights Act ("CFRA"); (7) retaliation in violation of CFRA; (8) wrongful termination in violation of public policy; (9) failure to reimburse business expenses; (10) waiting time penalties; (11) failure to maintain and provide accurate wage statements; and (12) violation of Business & Professions Code §§ 17200 (unfair business practices).

**2.**      On July 17, 2024, Plaintiff served Hertz with a Summons and the Complaint through its registered agent for service or process. Included in the service packet directed to Hertz is an Order to Show Cause re: CRC Rule 3.110 (failure to serve complaint and file proof of service) set for September 17, 2024 in Dept 17 at 8:30 a.m. of the Kern County Superior Court (Bakersfield) and a Notice of Case Management Conference set for December 2, 2024 at 8:15 a.m. in Dept 17 of the Kern County Superior Court (Bakersfield). True and correct copies of these documents served on Hertz are attached as **Exhibit 1**.

NOTICE OF REMOVAL

312550630v.2

3.    On August 14, 2024, Hertz filed its Answer to the Complaint in Kern County Superior Court. A true and correct copy of Hertz's Answer filed in Kern County Superior Court is attached as **Exhibit 2**.

4.    **Exhibit 1** and **Exhibit 2** constitute all of the pleadings properly served on Hertz and/or filed by Hertz in the state court action prior to filing this Notice of Removal. The only hearings currently scheduled in the Kern County Superior Court and in the state court action are the Order to Show Cause re:  Rule 3.110, scheduled for September 17, 2024 and the Case Management Conference scheduled for December 2, 2024 at 8:15 a.m., both in Department 17 of the Kern County Superior Court. (*Id*.)

## II.    TIMELINESS OF REMOVAL

5.    This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Hertz. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Moschetti Pipe Stringing, Inc.*, 119 S.Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Declaration of Jennifer Gentin ["Gentin Dec."] ¶¶ 2-3.)

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6.    The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.    FOR PURPOSES OF THIS ACTION, PLAINTIFF IS A CITIZEN OF CALIFORNIA

7.    "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co.*

NOTICE OF REMOVAL

312550630v.2

*v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

8.      At the time Plaintiff filed this civil action on June 3, 2024, he was a resident of the State of California.

9.      At all relevant times pertinent to this action, Plaintiff was a resident of the State of California. (Compl., ¶¶ 1, 26, 35, 44, 53, 60, 68, 76, 84, 92, 98, 105). Plaintiff was hired by Hertz within the State of California in  2017 and worked for Hertz in Bakersfield, Kern County, California, from 2017 to September 2023 as a utility employee. (Compl., ¶6; Declaration of Lakeisha Carter-Unaka ["Carter-Unaka Dec."] ¶¶ 6-7.) Plaintiff's home address on file with Hertz during the entire time period that he worked for Hertz was within the State of California. (Carter-Unaka Dec. ¶ 6.) There are no documents in Plaintiff's personnel file to suggest that at any time during his employment he was a resident or citizen of any state other than California. (Carter-Unaka Dec. ¶ 6.)

**B.      DEFENDANT IS NOT A CITIZEN OF CALIFORNIA**

10.      A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

11.      Moreover, for purposes of removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12.      Plaintiff was employed by Hertz Local Edition Corp., which is a citizen of Delaware and Florida, but not California. (See Carter-Unaka  Dec. ¶ 6.)

13.      Hertz is and was at the time the civil action was instituted a corporation incorporated/ organized under the laws of Delaware. (Complaint ¶6; Carter-Unaka Dec. ¶ 8.)

4

NOTICE OF REMOVAL

312550630v.2

14.     Further, Hertz's headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Estero, Florida. (Carter-Unaka Dec. ¶ 9.) The majority of Hertz's executive and administrative functions take place at its headquarters in Florida. (*Id*.) All of Hertz's executives have offices in, and regularly work from, these headquarters. (*Id*.) The functions performed at Hertz's Florida headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id*.) Hertz's company-wide policies and procedures are formulated at the Florida headquarters. (*Id*.) Hertz's activities and operations are directed and ultimately controlled from the Florida headquarters. (*Id.)* Thus, Defendant Hertz's principal place of business is in Florida, and it is a citizen of Florida, not California. Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

## C.     DOE DEFENDANTS' CITIZENSHIP

15.     The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

16.     Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 25, inclusive, does not deprive this Court of jurisdiction.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17.     While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "*more likely than not*" that the amount in controversy exceeds the requisite threshold) (emphasis added).

5

NOTICE OF REMOVAL

312550630v.2

18. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

19. As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant(s) are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

20. In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident &*

6

NOTICE OF REMOVAL

312550630v.2

*Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

21.    The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which Defendant vehemently disputes) based on Plaintiff's theory of recovery.

22.    Here, Plaintiff claims under various legal theories that "[a]s a proximate result of Defendants' wrongful conduct, Plaintiff has suffered emotional distress and general damages" (Compl., ¶¶30, 39, 48, 55, 63, 73, 81, 87, and Prayer for Relief (a).) Plaintiff also alleges that he "has suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court" (Compl., ¶¶ 32, 41, 50, 57, 65, 72, 80, 89, and Prayer for Relief (c). Plaintiff alleges he is entitled to economic and non-economic damages, attorneys fees, costs of suit, punitive damages and all other damages allowed by law in a sum according to proof at time of trial. (Compl., Prayer for Relief pp. 20-23.)

23.    In his Complaint, Plaintiff also seeks restitution of "wages withheld and retained" by Defendants during a period that commences *four years* prior to the filing of this complaint. (Compl., ¶124.)

24.    **Compensatory Damages.** Plaintiff's Complaint alleges multiple claims under FEHA. Under such sections, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

25.    Plaintiff was  worked for Defendant from 2017 until September 30, 2023. (Carter-Unaka Dec. ¶ 6.) Defendant's records indicate that Plaintiff was paid at the rate of $15.50 per hour plus commissions at the time of his resignation and that, although Plaintiff's hours fluctuated from week to week, he worked approximately 40 hours per week. (Carter-Unaka Dec. ¶ 7.) At the time of his resignation, Plaintiff was earning approximately $620/week in base pay.[1] (*Id.*)

---

[1] $15.50/hr x 40 hrs = $620.

NOTICE OF REMOVAL

312550630v.2

26.    Conservatively estimating a September 2025 trial date (fourteen months after the Complaint was filed in July 2024), Plaintiff's past lost wages through trial would amount to $64,480—approximately two years between when Plaintiff resigned his employment on September 30, 2023, and trial in September 2025.[2]

27.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

28.    An award of three years of front pay would entitle Plaintiff to an additional recovery of up to $96,720.00.[3] *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, assuming alleged back pay through trial and three additional years of alleged front pay, Plaintiff's alleged lost wages total an amount of **$161,200.00**, clearly establishing that the $75,000 minimum amount in controversy is met (although Defendant disputes liability in addition to Plaintiff's alleged lost wages).

29.    **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims that as a result of Defendant's alleged conduct, he has suffered general damages, as he was purportedly emotionally injured. (Compl., ¶¶30, 39, 48, 55, 63, 73, 81, 87 and Prayer for Relief.)

---

[2] ($620 x 52 weeks) x 2 years = $64,480.
[3] ($620 x 52) annually x 3 years =$96,720.00.

8

NOTICE OF REMOVAL

30.    In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. (*Id*.)

31.    In fact, such damages may well exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g., Silverman v. Stuart F. Cooper Inc*., No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth*., No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); W*ard v. Cadbury Schweppes Bottling Grp*., 09CV03279 (DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp*., No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Mathews v. Happy Valley Conference Ctr., 43* Cal. App. 5th *236, 247 (Cal. Ct. App. 2019)* (award of $275,000 in non-economic damages for suit alleging retaliatory termination under several legal theories.). These awards demonstrate that, for diversity purposes, the alleged value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement (although Defendant disputes liability and the alleged emotional distress).

32.    **Attorneys' Fees.** Plaintiff also claims statutory entitlement to reasonable attorney's fees. (Compl., Prayer for Relief.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt, supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift*

NOTICE OF REMOVAL

312550630v.2

*Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

33.    Defendant anticipates that the parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Gentin Dec. ¶ 4.) Here, if Plaintiff prevails, he could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in employment cases alleging discrimination/retaliation and wrongful termination. Indeed, Courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).

34.    **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl., ¶¶34, 43, 52, 59, 67, 74, 82, 91, Prayer for Relief.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy (although Defendant disputes Plaintiff's claim for punitive damages). *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). "Because plaintiff brings a claim under various provisions of the Labor Code that allow for punitive damages, punitive damages may be included in the amount in controversy here." *See, Mathews v. Happy Valley Conference Ctr., Inc.* (2019) 43 CA 5th 236, 267, 256 CR 3d 497, 524.

35.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in retaliation case). Verdicts in similar cases show that, when awarded, punitive damages in discrimination and wrongful termination cases typically exceed $75,000. See *Aguilar v. LA Metro BP Holding Co., LLC, et al.,* No. BC651278, 2018 WL 7286562 (Los Angeles Sup. Ct., Nov. 20, 2018) (jury awarded $145,000 in punitive damages for claims of discrimination, harassment, retaliation, failure to prevent harassment

NOTICE OF REMOVAL

312550630v.2

and discrimination, and wrongful termination); *Meadowcroft et al. v. Silverton Partners, Inc., et al.*, No. BC633239, 2018 WL 7635472 (Los Angeles Sup. Ct., Sep. 11, 2018) (jury awarded plaintiffs $3 million each in punitive damages for claims of harassment, retaliation, wrongful termination and failure to prevent harassment); *Olivas-Dean v. American Meizhou Dongpo Group, Inc., et al.*, No BC581538, 2017 WL 3531353 (Los Angeles Sup. Ct., April 24, 2017) ($250,000 awarded in punitive damages for harassment, discrimination, retaliation, wrongful termination). *Aboulida v. GACN Inc*., No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct., Dec. 17, 2013) (award of $1,000,000 in punitive damages in discrimination case).

36.     **Alleged Waiting Time Penalties.**  Plaintiff also alleges that he is entitled to waiting time penalties under Labor Code sections 201 and 202. These alleged monetary damages only add to the amount in controversy. (Compl., ¶¶100-103.) Accordingly, while Defendant disputes that waiting time penalties are appropriate here, the amount in controversy on Plaintiff's claim on waiting penalties, pursuant to Labor Code section 203 is approximately **$2,480.**[4]  Plaintiff also seeks an unspecified amount of unreimbursed cell phone expenses/violation of Labor Code Section 204 and wage statement penalties under Labor Code Section 226 up to **$4,000**.  (Complaint ¶¶92-97, 105-111).

37.     In sum, Plaintiff's aggregated recovery on his claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, penalties and punitive damages, easily satisfies the $75,000 jurisdictional threshold. While Defendant vehemently denies any liability as to Plaintiff's claims, it is "more likely than not" that the alleged amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

38.     Because diversity of citizenship exists between Plaintiff and Defendant, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1), and removal is proper.

**V.  VENUE**

39.     Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Kern. (*See,* **Exhibit 1**.) Therefore, venue is

---

[4] $620/weekly x 4 weeks = $2,480.00

11

312550630v.2

proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI. NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

40.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Kern. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

41.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibit 1** and **Exhibit 2**. (Gentin Dec. ¶ 3.)

## VII. PRAYER FOR REMOVAL

Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Kern to the United States District Court for the Eastern District of California.

DATED: August 15, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/  Jennifer Gentin*
    Elisabeth Watson
    Jennifer Gentin
    Attorneys for Defendant
    HERTZ LOCAL EDITION CORP

12

NOTICE OF REMOVAL

312550630v.2

# EXHIBIT 1

Wolters Kluwer

CT Corporation
**Service of Process Notification**
07/17/2024
CT Log Number 546887204

## Service of Process Transmittal Summary

**TO:**   CASSANDRA BISHOP, Senior Legal Assistant
The Hertz Corporation
8501 Williams Rd
Estero, FL 33928-3325

**RE:**   **Process Served in California**

**FOR:**   Hertz Local Edition Corp.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BRIAN HAMILTON, an individual // To: Hertz Local Edition Corp. |
| **CASE #:** | BCV24101834 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/17/2024 at 11:37 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/18/2024, Expected Purge Date: 07/23/2024 |
| | Image SOP |
| | Email Notification,  CASSANDRA BISHOP  cassandra.bishop@hertz.com |
| | Email Notification,  Rose Tomlinson  rose.tomlinson@hertz.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jul 17, 2024

**Server Name:** GERARDO MARTINEZ

| Entity Served | HERTZ LOCAL EDITION CORP. |
|---|---|
| Case Number | BCV-24-101834 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | |
|---|---|
| | **FOR COURT USE ONLY** |
| | **(SOLO PARA USO DE LA CORTE)** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HERTZ LOCAL EDITION CORP, a Delaware Corporation; and DOES 1 through 25, inclusive,

**ELECTRONICALLY FILED**

6/4/2024

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRIAN HAMILTON, an individual;

**Kern County Superior Court**
**By Julia Barrera, Deputy**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Kern | **CASE NUMBER:** *(Número del Caso):* BCV-24-101834 |

1215 Truxtun Ave
Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kane Moon, Moon Law Group, APC 1055 W. 7th Street, Suite 1880, Los Angeles, CA 90017 (213) 232-3128

| DATE: *(Fecha)* | 6/4/2024 | TARA LEAL | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HERTZ LOCAL EDITION CORP, a Delaware Corporation;

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

ELECTRONICALLY FILED
6/3/2024 2:40 PM
Kern County Superior Court
By Julia Barrera, Deputy

Kane Moon (SBN 249834)
E-mail: *kmoon@moonlawgroup.com*
Christopher L. Garcia (SBN 306082)
E-mail: *cgarcia@moonlawgroup.com*
Tamar Chobanian (SBN 343815)
E-mail: *tchobanian@moonlawgroup.com*
**MOON LAW GROUP, PC**
725 S. Figueroa, Suite 3100
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff
BRIAN HAMILTON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| BRIAN HAMILTON, an individual;<br><br>                    Plaintiff,<br><br>    vs.<br><br>HERTZ LOCAL EDITION CORP, a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No.:  BCV-24-101834<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br>2. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br>3. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**<br>4. **RETALIATION IN VIOLATION OF FEHA;**<br>5. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND/OR RETALIATION;**<br>6. **VIOLATION OF THE CFRA;**<br>7. **RETALIATION IN VIOLATION OF THE CFRA;**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>9. **FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES;**<br>10. **WAITING TIME PENALTIES;** |

1
COMPLAINT

**11. FAILURE TO PROVIDE AND MAINTAIN ACCURATE WAGE STATEMENTS AND RECORDS;**
**12. UNFAIR BUSINESS PRACTICES.**

**[JURY TRIAL DEMANDED]**

COMES NOW Plaintiff BRIAN HAMILTON for his Complaint against Defendant Hertz Local Edition Corp, and DOES 1 through 25, inclusive, (herein collectively referred to as "Defendants"), and each of them, complains and alleges as follows:

## THE PARTIES

1.      Plaintiff BRIAN HAMILTON ("Plaintiff" or "Mr. Hamilton") is, and at all relevant times herein was, an individual residing in the County of Kern, State of California.

2.      Plaintiff is informed and believes and thereon alleges that Defendant Hertz Local Edition Corp ("Defendant" or "Hertz") is, and at all relevant times was, a Delaware Corporation that conducts business in the County of Kern, State of California.

3.      Plaintiff is ignorant of the true names and capacities of those defendants sued as DOES 1 through 25, inclusive, and, therefore, sues them under the fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges that the DOES are in some manner or capacity and to some degree legally and proximately responsible and liable for the damages in the Plaintiff's complaint. When the true names and capacities of DOES 1 through 25 are determined, Plaintiff will amend this complaint to allege the true names and capacities of such DOE defendants.

4.      Plaintiff is informed and believes and thereon alleges that each of the Defendants was the agent, servant, employee, joint venturer, joint owner, joint tenant, community property owner, guarantor and/or partner of each of the other co-Defendants, and in doing or failing to do the things alleged herein, each co-Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification of each of the other co-Defendants,

2
COMPLAINT

whether said authority was actual or apparent. "Defendants", as used herein, means each and all of the Defendants, unless the context requires otherwise.

5.     Plaintiff is informed and believes and thereon alleges that Defendants' improper conduct alleged herein occurred in the County of Kern in the state of California.

## GENERAL ALLEGATIONS

6.     In or around 2017, Mr. Hamilton was hired by Defendants as a Utility employee. Mr. Hamilton was employed by Defendants until on or about May 12, 2023, when he was abruptly terminated.

7.     On or about October 28, 2021, Mr. Hamilton was injured while lifting the garage to access the parked cars at work, resulting in serious injuries to his back and right shoulder. Mr. Hamilton promptly informed his manager about the incident, expressing significant pain and a need to seek medical attention. In response, the manager advised him against seeking medical attention due to the Defendant's "protocols." Due to the ongoing pain, Mr. Hamilton sought medical treatment. Due to the extent of Mr. Hamilton's injuries, a doctor placed him on work restrictions, considering the injuries to his back and shoulder.

8.     The same day, on October 28, 2021, Mr. Hamilton promptly notified Defendants of his work restriction. However, his managers refused to accommodate these restrictions and instructed him to resume his normal work duties, repeatedly violating Mr. Hamilton's restrictions through the end of his employment.

9.     In direct retaliation for his request for accommodations, Mr. Hamilton's supervisor began treating Mr. Hamilton differently. For example, Mr. Hamilton's supervisor continuously criticizing his job performance and implementing new strict rules that only applied to Mr. Hamilton, a stark contrast to prior behavior. Mr. Hamilton's supervisor also began to cut his hours.

10.     On or around April 11, 2023, Mr. Hamilton's doctor modified his work restrictions due to his ongoing pain from the work-related injuries.  Shortly thereafter, on or around May 12, 2023, Mr. Hamilton's manager received his work restrictions. To Mr.

Hamilton's surprise, his manager informed him that he needed to leave work immediately because he was being terminated from his employment.

11.    Mr. Hamilton is informed and believes and thereon alleges that the Defendants terminated Mr. Hamilton's employment in retaliation for being disabled, needing accommodations, for taking time off of work because of his injuries/medical condition, his complaints, and/or for other discriminatory reasons.

12.    Defendants failed to go through a good faith interactive process with Mr. Hamilton to determine effective reasonable accommodations before terminating Mr. Hamilton.

13.    Defendants also failed to accommodate Mr. Hamilton's physical disability or perceived physical disability, and instead terminated him.

14.    Mr. Hamilton suffered from a physical disability as defined by the Fair Employment and Housing Act ("FEHA"). More specifically, Mr. Hamilton suffered from, amongst other things, a back injury and right shoulder injury which is still ongoing and related conditions which interfered with Mr. Hamilton's major life activities, including but not limited to working. Mr. Hamilton was a qualified individual with a disability because Mr. Hamilton was a disabled individual who could either with or without reasonable accommodations perform the essential functions of his job, or alternatively another job he was qualified for and desired. Mr. Hamilton is accordingly entitled to the protections of FEHA.

15.    Moreover, throughout the statutory period, Defendants failed to reimburse Mr. Hamilton for all necessary business expenses that he incurred during Mr. Hamilton's employment. For example, throughout his employment Mr. Hamilton was required to use his personal cell phone to communicate with his managers while on the job. Mr. Hamilton is entitled to the necessary business expenses he incurred during his employment, in an amount according to proof at trial.

16.    During his employment for Defendants, Defendants failed to provide Mr. Hamilton with accurate (California compliant) wage statements each time he was paid. Accordingly, Mr. Hamilton is entitled to civil penalties in an amount according to proof at trial.

4
COMPLAINT

17.     At the time Mr. Hamilton's employment was terminated, Defendant failed to pay all wages owed to Mr. Hamilton, and there are wages still owed to Mr. Hamilton. Accordingly, Mr. Hamilton is entitled to waiting time penalties in an amount according to proof at trial.

18.     Mr. Hamilton is informed and believes and thereon alleges that the Defendants terminated Mr. Hamilton's employment in retaliation for being disabled, needing accommodations, for taking time off of work because of his injuries/medical condition, his complaints, and/or for other discriminatory reasons.

19.     Defendants failed to go through a good faith interactive process with Mr. Hamilton to determine effective reasonable accommodations before terminating Mr. Hamilton.

20.     Defendants also failed to accommodate Mr. Hamilton's physical disability or perceived physical disability, and instead terminated him.

21.     Alternatively, Mr. Hamilton was perceived by Defendants as being physically disabled within the meaning of FEHA.

22.     Mr. Hamilton is informed and believes and thereon alleges that at all times mentioned in this complaint, Defendants regularly employed 5 or more persons in the state of California, and therefore are accordingly subject to the provisions of FEHA.

23.     Mr. Hamilton has duly complied with the requirements of the Fair Employment and Housing Act by filing charges of discrimination with the DFEH/CCRD and obtaining the requisite "Right to Sue" notice.

24.     On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

25.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Mr. Hamilton. Further, Defendants are responsible for

each of the unlawful acts or omissions complained of herein under the doctrine of "respondent superior".

## FIRST CAUSE OF ACTION

### (Disability Discrimination in Violation of FEHA – Against All Defendants)

26.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

27.    FEHA, codified in Government Code §§12900 *et seq.*, makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.

28.    Plaintiff is informed and believes and thereon alleges, that by terminating Plaintiff from Plaintiff's position on the basis of Plaintiff's disability, failing to engage in the interactive process to determine if Plaintiff could be given a reasonable accommodation, failing to provide Plaintiff with a reasonable accommodation, and failing to enter into the interactive process with Plaintiff in a meaningful way, Defendants violated FEHA.

29.    Plaintiff is informed and believes and thereon alleges, that his disability was a motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against Plaintiff, in violation of Government Code §12940(a)(m) and (n).

30.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

31.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

32.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

33.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

34.    The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION

### (Failure to Engage in a Good Faith Interactive Process in Violation of FEHA – Against All Defendants)

35.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

36.    Plaintiff was physically disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff as being physically disabled.

37.    Government Code § 12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain effective reasonable accommodations. The employer's failure to do so is a separate violation of FEHA.

38.    Plaintiff is informed and believes and thereon alleges that Defendants violated Government Code §12940(n) by failing to engage in said good faith interactive process with Plaintiff, by amongst other things, refusing to accommodate Plaintiff's work restrictions, forcing Plaintiff to work while injured, and by instead terminating Plaintiff.

39.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

40.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical

7
COMPLAINT

attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

41.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

42.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

43.    The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

<b>THIRD CAUSE OF ACTION</b>

<b>(Failure to Accommodate in Violation of FEHA – Against All Defendants)</b>

44.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

45.    Plaintiff was physically disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff as being physically disabled.

46.    Government Code § 12940(m) requires an employer to provide reasonable accommodations to employees with known disabilities. The employer also has an affirmative duty to inform disabled individuals of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

47.    Plaintiff is informed and believes and thereon alleges that Defendants and each of them independently violated FEHA by refusing to accommodate Plaintiff's disability or perceived disability, by amongst other things, forcing Plaintiff to work while injured, by refusing

to accommodate Plaintiff, by not advising Plaintiff of other open job opportunities that Plaintiff was qualified to perform, and by instead terminating Plaintiff.

48.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

49.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

50.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

51.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

52.    The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

### FOURTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA – Against All Defendants)

53.    Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

54.    Plaintiff was subjected to adverse employment actions including, but not limited to, removal from work, failure to accommodation, and termination. Plaintiff is informed and believes and thereon alleges that such adverse employment actions were taken in retaliation for

exercising Plaintiff's rights, and/or Plaintiff's disabilities. Such conduct violates Government Code section 12945.2(1) and other provisions of FEHA.

55.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

56.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

57.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

58.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

59.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

**FIFTH CAUSE OF ACTION**

**(Failure to Take All Reasonable Steps to Prevent Discrimination, and/or Retaliation In Violation of FEHA – Against All Defendants)**

60.     Plaintiffs hereby incorporate by reference all foregoing paragraphs of this complaint as though fully set forth herein.

61.     Defendants failed to take all reasonable steps necessary to prevent the aforementioned discrimination, and retaliation to which Plaintiff was subjected in violation of California Government Code § 12940(k).

62.    The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

63.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

64.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

65.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

66.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

67.    The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiffs' rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against, and/or retaliated against Plaintiff because of Plaintiff's disabilities, thereby entitling Plaintiff to punitive damages.

## SIXTH CAUSE OF ACTION

### (Violation of the California Family Rights Act – Against All Defendants)

11
COMPLAINT

68.    Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

69.    Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code §12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month prior to Plaintiff requested and/or taken leaves. Further, Plaintiff had qualifying serious health conditions as described herein.

70.    The Defendants are employers covered by and subject to the California Family Rights Act (or other persons subject to suit under it) because Defendants employed fifty (50) or more full-or part-time employees for each working day of each of the twenty (20) calendar weeks preceding and following the leave periods.

71.    Defendants violated the California Family Rights Act by refusing to allow Plaintiff to take required leave without consequence, terminating Plaintiff because of protected absences, interfering with Plaintiff's right to leave, counting Plaintiff's legally-protected absences against Plaintiff for purposes of termination, otherwise discouraging Plaintiff from taking required leave and/or failing to advise Plaintiff about leave rights and procedures regarding the taking of protected leave.

72.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code § 3287 and/or any other provision of law providing for pre-judgment interest.

73.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

74.    The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional

12
COMPLAINT

manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

75.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code §§12940, et seq.

**SEVENTH CAUSE OF ACTION**

**(Retaliation in Violation of the California Family Rights Act – Against All Defendants)**

76.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

77.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code § 12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month period prior to Plaintiff's requested and/or taken leaves. Further, Plaintiff had qualifying serious health conditions as described herein.

78.     Defendants are employers covered by and subject to the California Family Rights Act (or other persons subject to suit under it) because Defendants employed fifty (50) or more full- or part-time employees for each working day of each of the twenty (20) calendar weeks preceding and following the leave periods.

79.     Defendants violated the California Family Rights Act by retaliating against Plaintiff because Plaintiff sought to exercise and/or did exercise rights under the California Family Rights Act, including, without limitation, Defendants terminated Plaintiff's employment in whole or in part because Plaintiff sought to exercise and/or did exercise rights under the California Family Rights Act.

80.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the

13
COMPLAINT

time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to <u>Civil Code § 3287</u> and/or any other provision of law providing for pre-judgment interest.

81.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

82.    The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

83.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code §§12940, et seq.

<b>EIGHTH CAUSE OF ACTION</b>

<b><u>(Wrongful Termination in Violation of Public Policy – Against All Defendants)</u></b>

84.    Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

85.    Plaintiff is informed and believes and thereon alleges, that Defendants, and each of them, terminated Plaintiff in retaliation for being disabled, Plaintiff's requests for accommodations, for Plaintiff's complaints, Plaintiff's engagement in protected activities, and/or for other discriminatory reasons.

86.    Plaintiff is further informed and believes and thereon alleges that Defendants' termination of Plaintiff violated Government Code § 12900 *et. seq.* and Article 1, Section 8 of the California Constitution, both of which prohibit discrimination based upon physical injury and/or medical treatment, and which consider physical injury discrimination to be a form of disability discrimination.

14<br>COMPLAINT

87.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

88.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

89.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

90.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

91.    The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated Plaintiff because of Plaintiff's disability/medical condition, leave, Plaintiff's complaints, requested/need accommodations, and/or other protected activities, thereby entitling Plaintiff to punitive damages.

## NINTH CAUSE OF ACTION

### (Failure to Indemnify Necessary Business Expenses – Against All Defendants)

92.    Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

93.    As part of his duties, Plaintiff was often required to use his cell phone for Defendants' business to communicate with his managers while returning cars back to the rental service lots. However, Defendants failed to reimburse these full expenses to Plaintiff.

15
COMPLAINT

94.    Defendants violated Labor Code section 2802, by failing to pay and indemnify the Plaintiff for Plaintiff's necessary expenditures and losses incurred in direct consequence of the discharge of Plaintiff's duties or Plaintiff's obedience to directions of Defendants.

95.    As a result, Plaintiff was damaged at least in the amounts of the expenses Plaintiff paid, or which were deducted by Defendants from their wages.

96.    Plaintiff is entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

97.    California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Plaintiff was entitled to be paid twice a month at rates required by law, including wages for unreimbursed business expenses.  However, during all such times, Defendants systematically failed and refused to pay Plaintiff all such wages due, and failed to pay those wages twice a month.

## TENTH CAUSE OF ACTION

### (Failure to Pay Wages of Discharged Employee - Waiting Time Penalties - Against All Defendants)

98.    Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

99.    At all times herein set forth, California Labor Code §§ 201 and 202  provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

100.    At the time Plaintiff's employment was terminated, Defendants failed, and continue to fail to pay Plaintiff, without abatement, all wages required to be paid by California

16
COMPLAINT

Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

101. Defendants' failure to pay Plaintiff her wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

102. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

103. Plaintiff is entitled to recover from Defendants his additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

104. Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff is also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

### TWELFTH CAUSE OF ACTION

### (Failure to Provide and Maintain Accurate Wage Statements and Records -
### Against All Defendants)

105. Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

106. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

107.   Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff, the failure to list the true "total hours worked by the employee," the failure to list overtime pay, and the failure to list the true net wages earned.

108.   As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff suffered injury and damage to his statutorily-protected rights.

109.   Specifically, Plaintiff has been injured by Defendants' intentional violation of California Labor Code § 226(a) because she was denied both his legal right to receive, and his protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

110.   Plaintiff is entitled to recover from Defendants the greater of his actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

111.   Plaintiff is also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## THIRTEENTH CAUSE OF ACTION

### (Unfair Business Practices - Bus. & Prof. Code §§ 17200-17208 - Against All Defendants)

112.   Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

113.   Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

114. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

115. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

116. A violation of California Business & Professions Code §§ 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, et seq.

### Failure to Maintain Accurate Records of All Hours Worked

117. Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, et seq.

### Failure to Provide Accurate Itemized Wage Statements

118. Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, et seq.

119. By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and have deprived Plaintiff of valuable rights and benefits guaranteed by law, all to his detriment.

120. Plaintiff suffered monetary injury as a direct result of Defendants' wrongful conduct.

121. Plaintiff is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff is not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

122. Plaintiff is further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

123. Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

124. Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for Judgment against Defendants, and each of them, jointly and severally, as follows:

### AS TO FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION

a) For general damages for pain and suffering according to proof;

b) For damages for past and future medical expenses according to proof;

c) For lost wages and other benefits according to proof;

d) For reasonable attorneys' fees in an amount according to proof;

e) For punitive damages in an amount according to proof;

f) For prejudgment interest as provided by law;

g) For costs of suit;

h) For civil penalties, where appropriate; and

i) For such other and further relief as the Court may deem proper.

## NINTH CAUSE OF ACTION

a) That the Court declare, adjudge and decree that Defendants violated Labor Code §2802 and the IWC Wage Orders;

b) For general unpaid wages and reimbursement of business expenses as may be appropriate;

c) For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

d) For reasonable attorneys' fees and for costs of suit incurred herein; and

e) For such other and further relief as the Court may deem equitable and appropriate.

## TENTH CAUSE OF ACTION

a) That Defendants are found to have violated Sections 201, 202 and 203 of the California Labor Code for willful failure to pay Plaintiff his full compensation at the time of termination of employment;

b) That Defendants' violations as described above are found to have been willful and intentional;

c) An award to Plaintiff of, without limitation, waiting time penalties pursuant to Section 203 of the California Labor Code, including interest thereon;

d) That Plaintiff be awarded attorney's fees and costs pursuant to sections 218.5 and 1194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure and/or other applicable law.

## ELEVENTH CAUSE OF ACTION

a) That Defendants are found to have violated Section s 226 and 1174 of the California Labor Code and any other relevant law for willful failure to provide accurate itemized wage statements to Plaintiff, and failure to maintain said records;

b) Plaintiff is entitled under section 226(e) of the California Labor Code to recover actual damages, or in the alternative, $50 for the initial pay period and $100 for each subsequent pay period in which inadequate records were maintained up to the total of $4,000 per employee.  Thus, Plaintiff is entitled to penalties in an amount to proven at trial;

c) That Defendants' violations as described above are found to have been willful and intentional;

d) An award of attorneys' fees.

## TWELFTH CAUSE OF ACTION

a)    That Defendants are found, through their illegal conduct as alleged herein, to have violated section 17200 of the California Business and Professions Code;

b)    That Defendants' violations as described above are found to have been willful and intentional;

c)    That Defendants be Ordered and enjoined to disgorge all ill-gotten benefits and pay restitution to Plaintiffs due to them as a result of Defendants' unlawful activities, pursuant to sections 17200-17208 of the California Business and Professionals Code;

d)    That Plaintiffs be awarded attorney's fees and costs pursuant to sections 218.5 and 194 of the California Labor Code, Section 1021.5 of the California Code of Civil Procedure and/or other applicable law.

## AS TO ALL CAUSES OF ACTION

a)    An award of liquidated damages pursuant to Section 1194.2 of the California Labor Code, including interest thereon;

b)    For general and compensatory damages;

c)    For attorneys' fees;

d)    For pre-judgment interest;

e)    For costs of the suit herein incurred;

f)    For civil penalties;

g)    For other such relief as the Court deems appropriate.

Dated: May 23, 2024                    **MOON LAW GROUP, PC**

By: _____
Kane Moon
Christopher Garcia
Tamar Chobanian
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: May 23, 2024                    **MOON LAW GROUP, PC**

By: _____
Kane Moon
Christopher Garcia
Tamar Chobanian
Attorneys for Plaintiff

Case 1:24-cv-00955-KES-CDB   Document 1   Filed 08/15/24   Page 40 of 57



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
BAKERSFIELD COURT
1215 TRUXTUN AVENUE
BAKERSFIELD CA 93301

*FOR COURT USE ONLY*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

JUNE 04, 2024
BY *Julia Barrera* DEPUTY

PLAINTIFF/PETITIONER:
  BRIAN HAMILTON
DEFENDANT/RESPONDENT:
  HERTZ LOCAL EDITION CORP, A DELAWARE
  CORPORATION

| NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: BCV-24-101834 |
|---|---|

By order of the presiding judge, the above entitled case is assigned to the Honorable Thomas S. Clark for all purposes. It will be managed on the direct calendar program in Bakersfield Department 17 located at 1415 Truxtun Avenue until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **September 17, 2024** in **Bakersfield Department 17 located at 1415 Truxtun Avenue** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Thomas S. Clark on **December 02, 2024** at **8:15 AM** in **Bakersfield Department 17 located at 1415 Truxtun Avenue**. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

**Your attention is directed to the California Rules of Court and the Code of Civil Procedure provisions regarding mandatory expedited jury trial procedures, specifically CRC Rules 3.1546, et seq., and CCP §630.20, et seq.**

### NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT:** **You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).**

### NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT:** **If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

TARA LEAL
CLERK OF THE SUPERIOR COURT

Date:  June 04, 2024

Signed: 6/4/2024 3:21:31 PM

By: _____
Julia Barrera, Deputy Clerk

HAMILTON VS HERTZ LOCAL EDITION CORP, A DELAWARE CORPORATION

BCV-24-101834

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Thomas S. Clark as monitoring judge.

Judge Thomas S. Clark has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 17 located at 1415 Truxtun Avenue.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-610-6460. Tentative rulings are not provided in advance of the hearing.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Pursuant to Local Rule 3.2.1. a party wishing to appear remotely in any civil proceeding other than an evidentiary hearing or trial, including conferences and law and motion hearings, is permitted to appear via Zoom without advance notice to the court or other parties. By appearing remotely those persons will be deemed to have requested a remote appearance. Instructions for accessing the court's Zoom account can be found on the court's website. Each judicial officer retains the discretion to require a party to appear in person at a conference, hearing, or proceeding, as authorized by Code of Civil Procedure section 367.75. Remote proceedings for evidentiary hearings or trials in all divisions shall be noticed and conducted as authorized by Code of Civil Procedure section 367.75 and California Rules of Court, rule 3.672.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

The Court does not provide court reporters for civil matters. Parties wishing to have a matter reported must provide their own reporter. The court maintains a list of pre-approved official reporters pro tem. Your preferred reporter can be added to this list. Information regarding the court's list is on the court's website.

Another judge will hear settlement conferences in cases assigned to Judge Thomas S. Clark. However, those cases that do not settle will be set for trial before him/her.

HAMILTON VS HERTZ LOCAL EDITION CORP, A DELAWARE CORPORATION
BCV-24-101834

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1.  The "at-issue" status of the case including any new parties that may be contemplated;
2.  A brief statement of the type of case and the general facts or contentions;
3.  A description of the discovery done to date and that contemplated to be done;
4.  Estimated time for trial and whether a jury is demanded;
5.  Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6.  An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7.  If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8.  A statement of any settlement negotiations undertaken thus far;
9.  The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1.  The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2.  Discovery conducted and remaining to be done;
3.  Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4.  Delineation of issues including stipulation of facts not in substantial controversy;
5.  Settlement prospects;
6.  Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7.  Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

HAMILTON VS HERTZ LOCAL EDITION CORP, A DELAWARE CORPORATION
BCV-24-101834

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference* attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://www.kern.courts.ca.gov).


Date of Posting:          June 04, 2024

Place of Posting:         Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                    **TARA LEAL**
                                                    CLERK OF THE SUPERIOR COURT

Date:  June 04, 2024                               Signed: 6/4/2024 3:21:32 PM

                                    By:       _____
                                                    Julia Barrera, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 4 of 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kane Moon (SBN249834) Christopher L. Garcia (SBN 306082)<br>Moon Law Group, PC; 725 S. Figueroa St., Ste. 3100, Los Angeles, CA 90017<br><br>TELEPHONE NO.: 213.232.3128          FAX NO.: 213.232.3125<br>EMAIL ADDRESS: kmoon@moonlawgroup.com; cgarcia@moonlawgroup.com<br>ATTORNEY FOR *(Name):* Plaintiff: Brian Hamilton | **ELECTRONICALLY FILED**<br>**6/3/2024 2:40 PM**<br>**Kern County Superior Court**<br>**By Julia Barrera, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1215 truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Kern Superior Court

CASE NAME:
Hamilton v. Hertz Local Edition Corp

| CIVIL CASE COVER SHEET<br>[x] Unlimited      [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $35,000)  $35,000 or less) | Complex Case Designation<br>[ ] Counter      [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>BCV-24-101834 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 12
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/23/2024

Christopher Garcia
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic
      relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

---

CM-010 [Rev. January 1, 2024]               **CIVIL CASE COVER SHEET**                               Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKET



Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

### Possible Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages: Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages: May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

### Most Common Types of ADR
Mediation: A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences: A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation: The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

<u>Arbitration:</u>  The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed.  If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision.  With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial.  Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Local Court ADR Programs
The Superior Court, County of Kern offers two types of ADR:  Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:**  The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less.  The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed. See Local Rule 3.14 at https://www.kern.courts.ca.gov/system/files/local_rules_of_court.pdf

**Dispute Resolution Program Act (DRPA):**  The Superior Court of California, County of Kern also offers mediation services in small claims and unlawful detainer, civil harassment, family law and probate matters.  The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services.  For more information about BBB Mediation Services go to https://www.bbb.org/local-bbb/bbb-serving-central-california-and-inland-empire-counties.

## ADR Coordinator:
Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7.  If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5695.

## Resources:
**California Department of Consumer Affairs:**  https://www.dca.ca.gov/consumers/mediation_guides.shtml
**Judicial Branch California Courts – ADR:** www.courts.ca.gov/selfhelp-adr.htm
**ADR Stipulation Form:** https://www.kern.courts.ca.gov/system/files/adr_stipulation_and_order_form.pdf

# EXHIBIT 2

ELECTRONICALLY FILED
8/14/2024 2:40 PM
Kern County Superior Court
By Marina Mercado, Deputy

SEYFARTH SHAW LLP
Elisabeth Watson (SBN 184332)
ewatson@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

SEYFARTH SHAW LLP
Jennifer Gentin (SBN 146888)
jgentin@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF KERN

| | |
|---|---|
| BRIAN HAMILTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HERTZ LOCAL EDITION CORP, a Delaware Corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. BCV-24-101834<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: June 4, 2024 |

Defendant HERTZ LOCAL EDITION CORP. ("Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby submits its Answer to Plaintiff's Unverified Complaint as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation in the Complaint. In further answer to the Complaint, Defendant denies that Plaintiff has suffered any injury, damage or loss in any nature or manner whatsoever by reason of any act or omission of Defendant.

312554056v.2

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the facts alleged in the Complaint, Defendant asserts and alleges the following separate and additional defenses without prejudice to Defendant's right to argue that Plaintiff bears the burden of proof as to any one or more of these defenses:

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Cause of Action)

1. Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendant.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Administrative Remedies)

2. To the extent that Plaintiff makes allegations or claims that were not made the subject of a timely complaint filed with the California Rights Division (formerly Department of Fair Employment and Housing) as required by Government Code section 12960, a Court or arbitral body lacks jurisdiction with respect to these allegations or claims.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Workers' Compensation Act Preemption)

3. To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code sections 3200, *et seq*.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Setoff and Recoupment)

4. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

312554056v.2

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Exhaust Internal Remedies)**

5.     Defendant exercised reasonable care to prevent and/or correct any unlawfully discriminatory and/or retaliatory workplace conduct allegedly experienced by Plaintiff.  Plaintiff's claims are barred, or alternatively his relief is limited, to the extent Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.  *State Dept. of Health Servs. v. Superior Ct. of Sacramento County (McGinnis)*, 31 Cal. 4th 1026 (2000).

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Consent and Waiver)**

6.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrines of consent and waiver because of Plaintiff's conduct and actions.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Estoppel)**

7.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff is estopped by his conduct and actions to claim any right to damages or any relief against Defendant.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unclean Hands)**

8.     The Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands based on Plaintiff's own acts and/or omissions.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

9.     The Complaint, and each and every cause of action therein, is barred in whole or in part by the applicable statutes of limitations, including, but not limited to those contained in the Fair Employment and Housing Act, including California Government Code Sections 12960(d) and 12965(b), as well as those contained in California Code of Civil Procedure Sections 335.1, 338, 340 and 343 and California Business and Professions Code Section 17208.

3

312554056v.2

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate Damages)

10. Plaintiff is not entitled to back or front pay and/or any other damages to the extent that he failed to seek and obtain other employment and/or otherwise failed to make reasonable efforts to mitigate his alleged loss of wages and/or other damages.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (After-Acquired Evidence)

11. Plaintiff's claims are barred, or he is precluded from recovering damages, to the extent that Defendant learns through after-acquired evidence that he engaged in any fraud or other misconduct that, if known, would have caused Plaintiff's employment to be terminated or Plaintiff not to be hired in the first instance.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Legitimate Business Justification/Mixed Motive)

12. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Excessive Fines/Due Process)

13. To the extent that Plaintiff seeks punitive damages, exemplary damages, or emotional distress damages in the Complaint, he violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

4

312554056v.2

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Undue Hardship)

14.    To the extent that Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiff's claims fail.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unauthorized Action)

15.    Plaintiff's complaint, and each purported cause of action therein, is barred to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (California Labor Code Sections 2854 and 2856)

16.    Plaintiff's Complaint is barred by virtue of California Labor Code sections 2854 and 2856 in that he failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent/Ratification)

17.    Plaintiff's claims are barred in whole or in part to the extent any conduct attributable to Defendant was ratified or consented to by Plaintiff.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Adequate Legal Remedy)

18.    Plaintiff's request for equitable remedies of injunctive relief and restitution is improper because Plaintiff has an adequate remedy at law.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Laches)

19.    The claims asserted in the Complaint are barred by the doctrine of laches to the extent Plaintiff exercised inexcusable delay in commencing this action.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

312554056v.2

## TWENTIETH SEPARATE AND ADDITIONALDEFENSE

### (Lacks Standing to Sue)

20.     Plaintiff's  Labor Code and Unfair Competition causes of action are barred to the extent Plaintiff lacks standing to sue.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Release)

21.     To the extent Plaintiff has executed a release encompassing claims alleged in the Complaint, the claims are barred by that release.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Expenses Are Not Reimbursable)

22.     Plaintiff's claim for indemnity under Labor Code Section 2802 fails because he never notified Defendant that he had incurred reasonable and necessary work-related expenses, including for use of his personal cell phone.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Failure To Inform Employer Of Alleged Violations)

23.     Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff did not inform Defendant of any alleged unlawful conduct or purported complaints, including any alleged failure to pay waiting time penalties and work-related expenses prior to filing a lawsuit. Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his claims.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith Dispute)

24.     Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendant did not willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

6

312554056v.2

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (No Injury)

25.    Plaintiff's claims under the Labor Code and for unfair competition fail because he has not suffered any injury as a result of the alleged statutory violations.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Accord and Satisfaction)

26.    Plaintiff's claims are barred by the doctrine of accord and satisfaction.  Specifically, Plaintiff was properly and fully compensated for all work performed for Defendant, and any acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendant to Plaintiff.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Reservation of Rights)

27.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, unstated affirmative defenses available.  Defendant thus reserves the right to assert additional affirmative defenses in the event discovery and further investigation indicate it would be appropriate.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by his Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded reasonable attorneys' fees according to proof;

4.    That Defendant be awarded the costs of suit incurred herein; and

5.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

7

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

312554056v.2

DATED: August 14, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

Elisabeth Watson
Jennifer Gentin
Attorneys for Defendant
HERTZ LOCAL EDITION CORP.

8

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

312554056v.2

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  SS
COUNTY OF                    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On August 14, 2024, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Kane Moon                          Email:  kmoon@moonlawgroup.com
Christopher Garcia                         cgarcia@moonlawgroup.com
Tamar Chobanian                           tchobania@moonlawgroup.com
Moon Law Group, PC
725 S. Figueroa, Suite 3100
Los Angeles, CA  90017
Tel:  213-232-3128
Fax:  32-3125

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 14, 2024, at Los Angeles, California.

_____
                    Rebecca Garner

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

312554056v.2